Tom Buchele, OSB # 081560
Earthrise Law Center
10015 SW Terwilliger Blvd.
Portland, Oregon 97219
Tel: (503) 768-6736
Email: tbuchele@lclark.edu
Attorney for Wild Wilderness

Lauren M. Rule, OSB # 015174
Advocates for the West
3115 NE Sandy Blvd., Suite 223
Portland, Oregon 97232
Tel: (503) 914-6388
Email: lrule@advocateswest.org
Attorney for Winter Wildlands Alliance, Bend Backcountry Alliance

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **WILD WILDERNESS,**<br>**WINTER WILDLANDS ALLIANCE,** and<br>**BEND BACKCOUNTRY ALLIANCE,**<br><br>    Plaintiffs**,**<br><br>    v.<br><br>**JOHN ALLEN** and<br>**UNITED STATES FOREST SERVICE,**<br><br>    Defendants,<br><br>And<br><br>**OREGON STATE SNOWMOBILE**<br>**ASSOCIATION** and<br>**AMERICAN COUNSEL OF SNOWMOBILE**<br>**ASSOCIATIONS.**<br><br>Defendant-Intervenors. | Case No.:  6:13-cv-00523-TC<br><br>**PLAINTIFFS' OBJECTIONS TO**<br>**BILL OF COSTS** |

Pursuant to LR 54-1(b), plaintiffs Wild Wilderness ("WW"), Winter Wildlands Alliance ("WWA") and Bend Backcountry Alliance ("BBA") file this opposition to the federal defendants' bill of costs. That bill of costs consists entirely of the amounts paid to an outside contractor to "prepare" the administrative record. The federal government has not, until the last few years, requested to tax the costs of preparing or even copying an administrative record. There appear to be no decisions from this Court or the Ninth Circuit on whether such costs should be taxed, and if so, the extent to which such costs should be allowed. Because the defendants have not shown that the costs claimed were necessary, because several components of the cost claim are not recoverable under 28 U.S.C. § 1920 or the amounts claimed are unreasonable, and because this suit was brought by public interest organizations to enforce conservation laws on behalf of the general public, the Court should not tax costs, or, at most, tax only the costs of physically creating the DVD necessary for lodging with the Court.

## I. THIS COURT SHOULD REQUIRE THE PARTIES TO BEAR THEIR OWN COSTS.

Although there is a presumption in favor of awarding costs, this presumption can be overcome if there is a valid reason for requiring the parties to bear their own costs. *See Ass'n of Mexican-Am. Educators v. Cal.*, 231 F.3d 572, 591–93 (9th Cir. 2000) (en banc). Equitable factors for determining whether an award of costs should be denied include: (i) whether the suit was brought in the public interest, (ii) the limited financial resources of the losing party, (iii) whether the suit was brought in good faith and the claims had merit, and (iv) the chilling effect on future litigants of imposing costs. *Id.*

### A.    Plaintiffs brought this suit to further the public interest.

A court should not impose costs on a party who acts as a "private attorney general" that has attempted to enforce a policy of national concern. *See Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 402 (1968). For similar reasons, courts often waive the injunction bond requirement of Fed. R. Civ. P. 65(c) when plaintiffs are attempting to enforce the public interest purposes of NEPA. *See, e.g.*, *People of State of Calif. ex rel. Van de Kamp v. Tahoe Regional Planning Ag'y*, 766 F.2d 1319, 1325-26 (9th Cir. 1985). The public has an undeniable interest in the "democratic decisionmaking" process that is the core purpose of NEPA, and "public scrutiny [is] essential to implementing NEPA." *Or. Natural Desert Ass'n v. BLM*, 625 F.3d 1092, 1099–1100 (9th Cir. 2010). To impose costs on parties like plaintiffs who attempt, in good faith, to enforce these important policies of national concern would be inequitable and contrary to the intention of Congress.

Two of the plaintiffs, WW and WWA are non-profit, 501(c)(3) organization dedicated to protecting non-motorized winter recreational opportunities on public lands. Declaration of Scott Silver ¶ 2-3; Declaration of Mark Menlove ¶1-2. The third plaintiff, BBA, is an unicorporated advocacy group with a more localized focus. Menlove Decl. ¶ 4.This suit was brought to protect the public interest, not to assert a private right or commercial interest. Specifically, plaintiffs challenged the Forest Service's action that they believe violated federal law and leads to greater unresolved conflicts among recreational users. *Id*. ¶¶ 5–6. Plaintiffs acted as a "private attorney general" to enforce the national goals set forth in NEPA and the National Forest Management Act ("NFMA"). *See League of Wilderness Defenders v. Forsgren*, No. CV 00-1383-RE, Slip Op. at 3 (D. Or. July 5, 2001)(attached as Exhibit A).

### B. Plaintiffs have limited financial resources and imposing costs would unduly burden their operations.

This Court should also require the parties to bear their own costs because plaintiffs have limited financial resources, and a substantial cost award would seriously hamper the groups' operations. A court may properly exercise its discretion to require parties to bear their own costs when the losing party has limited financial resources. *See, e.g.*, *Doe v. United States*, No. 08–00517, 2011 WL 1637264, at *2 (D. Haw. Apr. 29, 2011). A court may decline to tax costs against a losing party where there is "great economic disparity" between the parties, as in cases where small non-profit organizations seek judicial review of decisions by an agency of the United States government. *Ass'n of Mexican-Am. Educators*, 231 F.3d at 592; *see also County of Suffolk v. Secretary of Interior*, 76 F.R.D. 469, 473-74 (E.D.N.Y. 1977); *League of Wilderness Defenders*, Ex. A at 3(noting that "plaintiffs are nonprofit organizations with limited budgets and resources, while defendant United States Forest Service is an agency of the federal government"). The Court should take into consideration the limited budgets of the losing parties, *Nat'l Org. for Women v. Bank of Cal.*, 680 F.2d 1291, 1294 (9th Cir. 1982), and should use its equitable discretion to not tax costs if it will unduly burden a non-affluent party. *County of Suffolk*, 76 F.R.D. at 473.

The economic disparity between WW and BBA and the defendant federal agency is readily apparent. WW has only $185 in its bank account and BBA has no assets. Silver Decl. ¶ 5; Menlove Decl. ¶ 4. WWA also has limited financial resources and imposing costs also would unduly burden its operations. It is a small non-profit public interest organization with about $536,000 in 2013 revenues, and $580, 000 in 2013 expenses. Menlove Decl. ¶ 3. An award of costs would significantly burden the operations of all three plaintiff groups, and likely force them to reduce or cease activities that are central to their mission, including pursuing

PLAINTIFFS' OBJECTION TO BILL OF COSTS                                                                3

litigation to enforce conservation laws such as NEPA and NFMA. *Id.* ¶ 7; Silver Decl. ¶¶ 9-11.

### C. Plainitffs brought this suit in good faith.

In determining whether costs should be imposed, courts should consider whether the suit was brought in good faith and whether the claims, though unsuccessful, were not without merit. *Ass'n of Mexican-Am. Educators*, 231 F.3d at 593; *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986). Costs should not be imposed against parties who bring suit in good faith because "the taxation of costs works as a penalty, which should not be imposed unless the loser can fairly be expected to have known at the outset that his position lacked substance." *Rural Housing Alliance v. U.S. Dep't of Agric.*, 511 F.2d 1347, 1349 (D.C. Cir. 1974). Requiring the parties to bear their own costs for this litigation is appropriate because this suit by plainitffs was brought in good faith and its claims, though unsuccessful, were based on legal support found in Ninth Circuit case law and were not without merit. *See* Silver Decl. Para. 7-8; Menlove Decl. Para. 5. Imposing costs against non- profit organizations with limited financial resources that brought their suit in good faith to further the public interest and raised claims that were not without merit would be inequitable.

### D. Imposing costs on plaintiffs may have a chilling effect on future challenges to federal agency decisions involving matters of public interest.

In deciding whether to tax costs, courts should consider the "regrettable effect of discouraging potential plaintiffs" who seek to enforce policies of public concern. *Ass'n of Mexican-Am. Educators*, 231 F.3d at 593; *see also Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016, 1022 (9th Cir. 2003) (noting the "chilling effect" of imposing costs on losing public interest plaintiffs). Imposing more than nominal costs on plaintiffs would have the very real effect of discouraging this group, and other

PLAINTIFFS' OBJECTION TO BILL OF COSTS                                                                                                    4

similarly-situated groups, from pursuing important public- interest litigation in the future.

The Ninth Circuit has instructed that "special precautions to ensure access to the courts must be taken where Congress has provided for private enforcement of a statute." *Van de Kamp,* 766 F.2d at 1325-26 (waiving Fed. R. Civ. P. 65(c) injunction bond "where requiring security would effectively deny access to judicial review"). Without public interest groups like plaintiffs to ensure that public lands are being properly managed for all types of recreational opportunities, the goals of NEPA and NFMA may not be met. Because imposing costs on plaintiffs could chill future litigation that seeks to enforce important environment laws, *see* Silver Decl. ¶¶ 9-11; Menlove Decl. ¶7, this Court should require the parties to bear their own costs, or tax only nominal, reasonable costs to plaintiff.

## II.   COSTS SHOULD BE DENIED BECAUSE DEFENDANTS HAVE NOT COMPLIED WITH LOCAL RULE 54-1 AND 28 U.S.C. § 1924

The Clerk should not tax costs because defendants have failed to comply with the requirements of Local Rule 54-1 and 28 U.S.C. § 1924, which provides that "[b]efore any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed." Defendants have filed two declarations, neither of which explains how or why the costs listed in the bill of costs were "necessarily incurred" as required by the statute and LR 54-1. *See* Corrected Declaration of Sean Martin (Dkt. #49); Declaration of Frank Moss (Dkt. #47).

This lack of specificity is both material and fatal to defendants' recovery of almost all of their claimed costs for several distinct reasons. First, to the extent some court's have allowed the government to recover statutory costs for the administrative record those opinions have

generally distinguished between expenses incurred for preparing the administrative record in the first instance, which are not recoverable costs, and the cost of making necessary copies of that record for the reviewing court and opposing counsel, which can be a taxable cost. Here both of defendants' declarations specifically say they are seeking the cost of "preparing" and "finalizing" the Administrative Record. Moss Decl. ¶¶ 1, 2, 4; Martin Decl. ¶ 5. Second, defendants are seeking "costs" for in 2103 scanning thousands of pages of the record and for converting thousands of files from one electronic format to another. Defendants make no attempt to explain why these costs are necessary copying costs. During the NEPA commenting process defendants were able to produce thousands of record documents requested by WW in 2011 in electronic form and at no cost to WW. Finally, even if defendants were seeking costs for the actual copying of the administrative record, their listed "costs" include amounts for "coding" and 13 cents a page for scanning that go beyond the reasonable costs for scanning and document conversion that courts have allowed when producing a record in electronic form that previously only existed on paper.

The party seeking costs bears the burden of "establish[ing] the amount of compensable costs and expenses to which it is entitled." *City of Alameda v. Nuveen Mun. High Income Opportunity Fund,* Nos. C 08–4575 SI, C 09–1437 SI, 2012 WL 177566, at *1 (N.D. Cal. Jan. 23, 2012). A failure to provide adequate documentation or detail explaining why costs were necessary is sufficient basis for denying a bill of costs. *See CBD v. FHWA,* slip op. at 2, No. C 12-02172 JSW (N.D.Cal. March 10, 2014) (attached as Exhibit B), *see also Delehant v. United States*, 2012 WL6455808, at * 1 (D. Or. Dec. 13, 2012).

### III.    THE REQUESTED COSTS ARE NOT RECOVERABLE.

28 U.S.C. § 1920(4) permits the recovery of costs expended "for exemplification and

the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). A review of the bill of costs and supporting documents submitted by defendants demonstrates that almost none the costs sought are for tasks related to exemplifying or making copies of documents for the Court but instead involve the creation, preparation and management of an electronic administrative record of the agency's decision, including $196.21 for "coding." Moss Decl., 1-4(invoice for "preparation of the Administrative Record", invoice for "finalizing the Administrative record").[1] The only clearly proper cost is the $11.21 for creating a DVD containing the record.

Ninth Circuit precedent makes clear that "[f]ees for exemplification and copying 'are permitted only for the physical preparation and duplication of documents, not the intellectual effort involved in their production.'" *Zuill v. Shanahan*, 80 F.3d 1366, 1371 (9th Cir. 1996). The few published opinions—all from district courts in other jurisdictions—that consider administrative record costs and section 1920 repeatedly affirm that while the costs of making copies of an administrative record for use in a court proceeding may be recoverable in some jurisdictions, the costs of preparing the administrative record in the first place are not recoverable. *Tahoe Tavern Property Owners Assoc. v. U.S. Forest Serv.*, 2007 WL 1725494, at *2 (E.D. Cal. June 14, 2007) ("The labor costs associated with preparing the administrative record, however, are not included within any of these six categories [of section 1920]; accordingly, they are not compensable to the prevailing party under Rule 54(d)(1)."); *Conservation Congress v. U.S. Forest Serv.*, 2010 WL 2557183, at *1 (E.D. Cal. June 21, 2010) (recovery of costs for "making copies" of the administrative record permitted); *Florida Keys Citizens Coalition, Inc. v. U.S. Army COE*, 386 F.Supp.2d 1266,

---

[1] The list of supposedly necessary tasks set out in the Moss Declaration, ¶ 2, does not match the list of tasks set forth in the attached invoice.

PLAINTIFFS' OBJECTION TO BILL OF COSTS                                    7

1271 (S.D. Fl. 2005) (Costs awarded for duplication of administrative record only).[2]

In addition, organizing and coding of the administrative record or electronic files generally is clearly not amongst the statutorily allowed costs. *See Country Vinter of North Carolina, LLC v. E. & J. Gallo Winery, Inc.,* 718 F.3d 249, 258-261 (4th Cir. 2013*); Allen v. U.S. Steel*, 665 F.2d 689, 697 n.5 (5th Cir. 1982) (cost of gathering documents is not taxable); 28 U.S.C. § 1920 (enumerating taxable costs); *see also Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 442-43 (1987) (costs not expressly authorized by § 1920 are presumptively precluded). The government is required to create an administrative record for any administrative action it takes—whether or not the action is challenged in court. *See, e.g.*, 5 U.S.C. §§ 556(e), 557(c). As the Supreme Court explained, "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 743 (1985). The fact that the government has been sued should not be an opportunity for the government to recoup costs of a record it is required by law to create.

Also, the administrative record is a public record, clearly available to the plaintiffs through the Freedom of Information Act (FOIA). 5 U.S.C. § 552 et seq.; *see NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 136 (1975). The documents must be provided without charge if the disclosure is in the public interest. 5 U.S.C. § 552(a)(4)(A)(iii); *see Better Gov't Ass'n v. Dep't of State*, 780 F.2d 86, 94 (D.C. Cir. 1986).

---

[2] Plaintiffs are aware of one reported district court opinion that awarded costs for some administrative record preparation activities in an environmental action: *League to Save Lake Tahoe v. Tahoe Reg'l Planning Agy.*, 2012 WL 3206412, at *2 (D. Nev. Aug. 3, 2012). This decision has little persuasive value as it did not include an action brought under NEPA (with its strong public policy encouraging citizen enforcement; see Section III, below) and was issued to award costs for an associated merits decision that was later overturned on appeal. *League to Save Lake Tahoe v. Tahoe Reg'l Planning Agy.*, 497 Fed. Appx. 697 (9th Cir. 2012).

Here plaintiff WW exercised its rights under FOIA during the NEPA commenting process and specifically requested the defendants entire administrative record in 2011. Defendants in fact produced thousands of pages of that record to WW in electronic form (PDF files) and granted WW a fee waiver. *See* Declaration of Tom Buchele Decl. ¶¶ 2-5, Exhibits 1-4. Defendants did not say they were holding back un-scanned record documents or refusing to produce electronic files in other formats. Moreover all of the agency record documents created after 2011 likely would have been created in electronic form.

The defendants' bill of costs however now seeks to charge plaintiffs more than a thousand dollars to scan more than 7,600 pages of the record and another $168.15 to convert "PDF to TIFF files." Invoice attached to Moss Decl. Defendants declarations offer no explanation for why this scanning and document conversion was "necessary" in 2013 in light of the fact that they produced the record that existed in 2011 in response to WW's FOIA requests in electronic PDF format and at no cost to WW. Apparently defendants decided to rescan and/or reformat many record documents in 2013. But that unnecessary and unexplained choice does not bring those costs into the purview of the cost bill statute, as "[c]opies made for the convenience of counsel are ordinarily not taxable costs." *Frederick v. City of Portland*, 162 F.R.D. 139, 144 (D.Or. 1995).

Even if it was necessary for defendants to scan and convert thousands of pages of record documents in 2013, the allowable costs for those expenditures must be reasonable. *See, e.g., Country Vintner,* 718 F.3d at 261. Defendants are requesting 13 cents a page for scanning basic documents (and much more for color and oversize documents) and $168.15 to convert 3341 files from PDF to TIFF format. All of those charges are unreasonable. In the Ninth Circuit the maximum charge for paper copies is $0.10 a page, Ninth Circuit Rule 39-1.3, and electronic

PLAINTIFFS' OBJECTION TO BILL OF COSTS                                                                                      9

scanning allows for copying at a far lower actual cost than making paper copies. I, *Race Tires America, Inc. v. Hoosier Racing Tire Corp*, 674 F.3d 158, 162,167 (3rd Cir. 2012), a discovery case not involving an administrative record, the Third Circuit allowed $20,083.51 in costs for scanning 430,733 pages, which is approximately $0.05 per page. And in terms of converting, readily available software should have allowed defendants' vendor to convert the files in a matter of seconds. *See* http://www.pdf-to-tiff-converter.com

Finally at least one of the charges listed in the invoice attached to the Moss Declaration clearly involves "intellectual effort" which is not recoverable costs. *Zuill*, 80 F.3d at 1371. The $196.21 charged for "Coding – Technical Time," is not recoverable as a cost under 28 U.S.C. §1920.

For these reasons, plaintiffs respectfully request that this Court deny the bill of costs, or, in the alternative, the Court should tax the $11.21 cost of creating the DVD containing the record, the only necessary, physical copying process described in the invoice attached to the Moss Declaration.

Respectfully submitted this 15th day of May 2014.

       s/ Tom Buchele
       Tom Buchele (OSB # 081560)

       s/Lauren M. Rule
       Lauren M. Rule (OSB # 015174)

       Attorneys for Plaintiffs