IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| WILD WILDERNESS, an Oregon nonprofit corporation, et al., ) ) ) ) Plaintiffs, ) ) v. ) ) JOHN ALLEN, Forest Supervisor ) of the Deschutes National Forest,) et al., ) ) Defendants. ) | Civil No. 6: 13-0523-TC<br><br>O R D E R |

COFFIN, Magistrate Judge:

Plaintiffs brought this action in this court pursuant to the Administrative Procedures Act, 5 U.S.C. §§ 701 et seq. They sought to set aside a decision by the Forest Service to construct the Kapka Sno-park, but defendants prevailed.

Presently before the court is defendants' Bill of Costs (#46) in the amount of $1,435.92 .

Discussion

Plaintiffs have adequately shown why costs should not be awarded in this action and, for the reasons discussed below, this court exercises its discretion to deny such costs. See, Russian River Watershed Protection Commission v. City of Santa Rosa, 142 F.3d 1136. 1144 (9th Cir. 1998); Association of Mexican-American Educators v. State of California, 231 F.3d 572, 591-593 (9th Cir. 2000) (en banc) (factors for determining whether award of costs should be denied include whether the suit was brought in the public interest and was of public importance; the limited financial resources of the losing party; whether the suit was brought in good faith and the claims had merit; and the chilling effect on future litigants of imposing costs).

This action was brought to protect the public interest, not to assert a private right or commercial interest. Specifically, plaintiffs challenged the Forest Service's action that plaintiffs believe violates federal law and leads to greater unresolved conflicts among recreational users. Management of federal lands is of great public importance. The Forest Service's project is highly controversial. It is complex in that it has a long history.

Plaintiffs have relatively limited financial resources and it cannot be denied there is great economic disparity between plaintiffs and the Forest Service, an agency of the federal government.

Plaintiffs brought this suit in good faith, it was not without arguable merit, and imposing costs upon plaintiffs may have a chilling effect on future challenges to federal agency decisions involving matters of public interest.

The bill of costs consists entirely of amounts for the administrative record. The government is required to create an administrative record for any administrative action it takes, see, e.g., 5 U.S.C. §§ 556(e), 557(c). In the circumstances of this action, the fact that the government has been sued should not be an opportunity for the government to recoup costs of a record it is required by law to create.

## CONCLUSION

For the reasons stated above, defendants' Bill of Costs (#146) is denied.

DATED this 23 day of July, 2014

THOMAS M. COFFIN
United States Magistrate Judge

3 - ORDER